RuffiN C.. J.
 

 By the Act of 1842, ch. 10, the County of McDowell was established, consisting of territory, before forming parts of Rutherford and Burke Comities. By an Act, ch. 11., supplemental to the former, a County Court is established for. the new county, but not a Superior Court; and by the sixth section it is enacted, that all criminal offences, committed in that part of McDowell taken from Burke, which are cognizable in the Superior Courts, shall be and continue under the jurisdiction of the Superior Court of Burke.
 

 The present is an indictment, found in the Superior Court of Burke, for cheating by means of a false token; and it lays the offence to have been committed on the 15th day of May in the County of Burke. On the trial it appeared, that the act was perpetrated, on the day mentioned, but that it was not in Burke, but in that part of McDowell, which was taken from Burke. By the direction of his Honor these facts were found in a special verdict; and thereon judgment was given for
 
 *221
 
 the defendant, from which an appeal was taken by the State.
 

 The opinion of this Court concurs with that-of his Honor. An indictment states the place where the offence was committed, to enable the court to see that it is within its jurisdiction. This purpose necessarily requires, that the place should be truly stated. The jurisdiction of crimes is local, and generally the Superior Court of a particular county is restricted to offences committed within that county. When a new county is created, crimes thereafter committed therein are not, therefore, cognizable in the court of any other county, unless the statute should confer such new jurisdiction. But it is undoubtedly competent to the Legislature to curtail or enlarge the jurisdiction of courts; and, ■ in this case, the jurisdiction of the Superior Court of Burke is no longer confined to offences committed within Burke, but extended to such as may be committed within a certain part of McDowell. That, however, is not because the part of Burke, which was taken off and now forms a part of McDowell, remains for this purpose a part of Burke. For, to all intents, Burke and McDowell are two distinct counties. But it is because the statute says, that the Superior Court of Burke shall take cognizance, not only of offences committed in Burke, butal so of those committed in McDowell: thus giving that Court jurisdiction over two counties instead of one. In alleging the place, the indictment ought to be according to the fact, as the offence may have been in the one county or the other. Both counties are on the same footing precisely; and it is not more proper to state in the indictment, that an act, done in McDowell, was committed in Burke, than,
 
 Dice
 
 versa, to lay one, committed in Burke, as having been committed in McDowell. The Court has jurisdiction over both counties ; but the offence cannot be laid in both, but in one of them in particular. If it be laid in one, when it was in the other, the act alleged and that proved are different, and the accused must be acquitted.
 

 
 *222
 
 jt must be certified to the Superior Court that there is no error in the judgment.
 

 Per Curiam, Ordered accordingly.